**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEROME PATTERSON,
Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Agency.

DOCKET NUMBER
AT-0842-15-0587-I-1

DATE: March 2, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerome Patterson, Montgomery, Alabama, pro se.

Kristine Prentice, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that he was ineligible to receive annuity benefits under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed this appeal from a final decision issued by OPM, which found him ineligible for a FERS annuity because he had received a refund of the retirement contributions he made as an employee of the U.S. Postal Service. Initial Appeal File (IAF), Tab 1 at 4, 8-9. OPM also found that he was ineligible to make a redeposit of the refund he had received. *Id*. at 8. Because he did not request a hearing, the administrative judge decided the appeal on the written record and affirmed OPM's decision. IAF, Tab 13, Initial Decision (ID) at 1, 5.

¶3      On review, the appellant argues that the administrative judge abused his discretion by accepting a late-filed pleading from the agency, where the agency did not request an enlargement of time in which to file. Petition for Review (PFR) File, Tab 1 at 5; *see* IAF, Tab 2 at 6, Tab 6, Tab 8 at 5. We find no abuse of discretion. An administrative judge has wide discretion to control the proceedings before him, to receive relevant evidence, and to ensure that the record on significant issues is fully developed. *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003). In exercising such discretion, an

administrative judge may accept late-filed submissions that contribute to the development of the record. *See, e.g.*, *Henry v. U.S. Postal Service*, 100 M.S.P.R. 399, ¶ 7 (2005), *overruled on other grounds by Fernandez v. Department of Justice*, 105 M.S.P.R. 443 (2007). And, our reviewing court would be unlikely to set aside our exercise of discretion to waive a regulatory time limit.[2] It is also difficult to see how consideration of the documents upon which OPM's decision was based harmed the appellant.

¶4        In any event, the administrative judge decided the appeal correctly. The appellant resigned from the U.S. Postal Service and applied for a refund of his retirement contributions on March 16, 1996. IAF, Tab 6 at 5. Shortly thereafter, he received a refund representing his net contribution of $1,369.23, after deduction of a Government claim. *Id.* at 12-14, 17. A refund of retirement contributions will void all annuity rights based on the service for which the refund is made, unless the employee redeposits the contributions while serving in a subsequent Federal position subject to the retirement system. *Cf. Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 7 (2011) (finding that an employee who received a refund of retirement contributions pursuant to 5 U.S.C. § 8342 may be allowed credit for prior service only if "[w]hile subsequently reemployed in a covered position" he redeposits the amount received, with interest) (citing *Sanchez v. Office of Personnel Management*, 47 M.S.P.R. 343, 346-47 (1991)). Although the appellant submitted documentation with his close of record submission indicating he was employed as a civilian for approximately 10 months with the Department of the Air Force subsequent to receiving the refund, he has not shown that he redeposited the refunded contributions with

---

[2] *See Rowe v. Merit Systems Protection Board*, 802 F.2d 434 (Fed. Cir. 1986) ("Our review of Board cases in which timeliness is at issue is limited to whether the Board's decision *not to waive* the regulatory time limit was arbitrary, an abuse of discretion or otherwise not in accordance with the law.") (emphasis added).

interest during that period of employment. IAF, Tab 12 at 4-7. Likewise, there is no evidence that he is currently a Federal employee in a covered position.

¶5        In obtaining the refund, the appellant was required to submit Standard Form 3106, Application for Refund of Retirement Deductions. IAF, Tab 6 at 21. The form specifically warns that the receipt of a refund "result[s] in permanent forfeiture of any retirement rights that are based on the periods of service which the refund covers . . . ." *Id.*; *see Conway v. Office of Personnel Management*, 59 M.S.P.R. 405, 410 (1993). The appellant alleges that he saw the warning language on the form but that Postal Service officials told him that the warning did not apply to him because of his prior discharge from the military via the Temporary Disability Retired List. He also alleges that Postal Service officials required him to withdraw his retirement contributions. IAF, Tab 2 at 4, Tab 4 at 6-7, Tab 11 at 1. Even if an individual's loss of benefits is based upon his reliance on the mistaken advice of a Government official, however, the Government may still deny those benefits not permitted by law. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990); *see Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 13 (2008).

¶6        The appellant argued that he should be allowed to make a redeposit now. IAF, Tab 8 at 5. Nevertheless, he has failed to show that he was in any way mentally incompetent when he applied for and received the refund. *See Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060 (Fed. Cir. 1985) (discussing that an individual may avoid the rule that receipt of a refund of retirement contributions voids annuity rights if he was mentally incompetent at the time he applied for and received the refund). Accordingly, we affirm OPM's final decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                              The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.